# SWEENEY, GREENE
# & ROBERTS LLP

ATTORNEYS AT LAW

401 WEST A STREET, SUITE 1675
SAN DIEGO, CALIFORNIA 92101
PHONE: (619) 398-3400
FAX: (619) 330-4907

SACRAMENTO OFFICE

9245 LAGUNA SPRINGS DRIVE, SUITE 350
ELK GROVE, CALIFORNIA 95758
PHONE: (916) 753-1300
FAX: (916) 753-1333

Laura M. Brandenberg
lbrandenberg@sgrlawfirm.com

January 6, 2015

The Honorable Joseph C. Spero
United States Magistrate Judge
United States District Court
Northern District of California, Courtroom G
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Klune, Rutherford & Barth v. Palo Verde Health Care District, et al.*
Case No.: 14-mc-80326-JCS

Dear Judge Spero:

In compliance with the Court's Order directing lead counsel for ***defendant*** Palo Verde Health Care District ("PVHD") and ***third party*** Dr. Steve Maron ("Dr. Maron") (collectively, the "parties") to meet and confer regarding the outstanding document issues and submit a joint letter to the Court thereafter (Dkt. 15), on December 11, 2014, the parties participated in a meet and confer conference and, on December 17, 2014, the parties submitted a joint letter to the Court. In that joint letter, the parties agreed to provide a further status update by January 6, 2015. In compliance with that promise, the parties hereby submit the following:

Since the filing of the joint letter, Maria Roberts and Laura Brandenberg, counsel for PVHD, provided to Stacey Zill of Michelman & Robinson, counsel for Dr. Maron, a sample of documents they believed should have been included in Dr. Maron's production of documents. Upon receipt of those documents, Ms. Zill, as promised, initiated an investigation as to why those documents were not captured in the search. Specifically, after reviewing the sampling of documents provided, Ms. Zill forwarded the documents to the third party company used to conduct the electronic searches for Dr. Maron. At the time the documents were forwarded, Ms. Zill discovered that her contact person at the third party company would be on vacation until December 29, 2014. As a result, and as reported to this Court in the initial joint letter, December 29, 2014 was the earliest that an analysis and new searches could be started.

On December 29, 2014, Ms. Zill followed up with the third party electronic search company. Ms. Zill was informed that the person who ran the initial searches was no longer with the company, but that new and broader searches would be conducted. Toward that end, Ms. Zill worked with the representatives at the third party company on December 29, 2014 and December 30, 2014 to develop new searches. Once Ms. Zill had more information, on December 30, 2014, she provided counsel for PVHD with a status:

> We are in the process of trouble shooting regarding the prior searches. This process is hindered by the fact that the person who conducted the original searches is no longer available. In any event, we are running additional searches and it appears that those searches are yielding additional documents. We are expecting the search results on Monday. Depending on the volume of material, we will need some review time. I will be in a better position on Monday to detail the volume of material and the time necessary to review the materials.

In response, counsel for PVHD wrote to Ms. Zill:

> I appreciate the status update. Having had the sample emails since December 15, 2014, it is frustrating on our end that a search was just begun, two weeks later, and that you will not be able to advise on when additional documents will be produced until January 5. Assuming that additional meet and confer efforts will be needed, this does not provide sufficient time to complete that process and seek additional guidance from the Court prior to February 9 the current motion cutoff. Thus, unless you can think of some way to rectify this situation, we will probably be forced to push forward with the motion.
>
> Also, it would help us to know exactly what the alleged problem is with the initial search that resulted in not capturing the responsive documents. That may help us understand the quantity of documents not produced.

Ms. Zill responded, in relevant part:

> I would have to check the date on which you sent the samples. What I do know is that I kept you informed during the entire process. In fact, the joint letter specifically details that the person responsible for searches was out of town until the 29th. The very next day I provided a status report. Offices are closed or working on reduced schedules until Monday. We do not yet know if there was any problem with the original search. Instead I explained that we continue to run searches in an effort to capture more data. I expect the process to be completed and documents produced by the end of next week unless there is some unexpected huge volume. You are free to move forward with any motion you wish. We

suggest that you wait until Monday when we have more information. At that time, you can include whatever you wish in the status letter to be submitted to the court.

It must be noted that any time issues are it our responsibility. Had you met and conferred properly in the first instance and spoke with us like we had asked, the process would not have been delayed until people are on vacation and celebrating the holidays.

On January 5, 2015, Ms. Zill learned that the new searches yielded in excess of 3,000 pages of documents. At this time, Ms. Zill does not know how many, if any, of the documents are responsive. These documents will be reviewed to determine whether they are responsive to the document categories set forth in the subpoena at issue -- and responsive and non-privileged documents bates labeled and produced -- by next week; i.e., by January 16, 2015. Once this is done, Ms. Zill believes that Dr. Maron has fully and completely complied with the subpoena at issue.[1]

PVHD cannot determine whether there has been complete compliance until the further production has been made and, as a result, reserves any and all rights in that regard. Despite having timely filed a motion to compel documents that should have been produced almost six months ago, PVHD is now in the unfavorable situation of not knowing whether all responsive documents will be produced until three weeks prior to the motion cutoff date of February 9, 2015. Upon receipt of the additional documents produced by Dr. Maron, as soon as it is able, and no later than 5 days after receiving the additional documents, PVHD will advise the Court as to its position regarding the completeness of Dr. Maron's production. At that time, if it is PVHD's position that all responsive documents have not been produced, PVHD respectfully requests that the Court set a hearing on or before the discovery cutoff date of February 9, 2015, and, if necessary, a supplemental briefing schedule, so that these issue may be timely resolved.

Very truly yours,

| | |
|---|---|
| SWEENEY GREENE & ROBERTS | MICHELMAN & ROBINSON, LLP |
| *Laura M. Brandenberg* | |
| Laura M. Brandenberg | Stacey L. Zill |

---

[1] It should be noted that well in excess of $10,000 has been incurred in connection with responding to the subpoena at issue.

suggest that you wait until Monday when we have more information. At that time, you can include whatever you wish in the status letter to be submitted to the court.

It must be noted that any time issues are [not] our responsibility. Had you met and conferred properly in the first instance and spoke with us like we had asked, the process would not have been delayed until people are on vacation and celebrating the holidays.

On January 5, 2015, Ms. Zill learned that the new searches yielded in excess of 3,000 pages of documents. At this time, Ms. Zill does not know how many, if any, of the documents are responsive. These documents will be reviewed to determine whether they are responsive to the document categories set forth in the subpoena at issue -- and responsive and non-privileged documents bates labeled and produced -- by next week; i.e., by January 16, 2015. Once this is done, Ms. Zill believes that Dr. Maron has fully and completely complied with the subpoena at issue.[1]

PVHD cannot determine whether there has been complete compliance until the further production has been made and, as a result, reserves any and all rights in that regard. Despite having timely filed a motion to compel documents that should have been produced almost six months ago, PVHD is now in the unfavorable situation of not knowing whether all responsive documents will be produced until three weeks prior to the motion cutoff date of February 9, 2015. Upon receipt of the additional documents produced by Dr. Maron, as soon as it is able, and no later than 5 days after receiving the additional documents, PVHD will advise the Court as to its position regarding the completeness of Dr. Maron's production. At that time, if it is PVHD's position that all responsive documents have not been produced, PVHD respectfully requests that the Court set a hearing on or before the discovery cutoff date of February 9, 2015, and, if necessary, a supplemental briefing schedule, so that these issue may be timely resolved.

Very truly yours,

SWEENEY GREENE & ROBERTS                MICHELMAN & ROBINSON, LLP


Laura M. Brandenberg                    Stacey L. Zill

---

[1] It should be noted that well in excess of $10,000 has been incurred in connection with responding to the subpoena at issue.